C. FARMER, Respondent, v. GEORGE MEDCAP, Appellant; MISSOURI PACIFIC RAILWAY COMPANY, Garnishee, Appellant.

**Kansas City Court of Appeals, November 9, 1885.**

1. SERVICE UPON RAILROAD CORPORATIONS—Where service is made on a railroad corporation under section 2521, of the Revised Statutes, on an agent, other than the president, secretary, treasurer, cashier, or other chief or managing officer of such corporation, the agent served with the notice must not only *be* a station or freight agent, but he must be the *nearest* station or freight agent of the corporation in the county where the cause of action is pending. Following *Hann. & St. Jo. R. R. Co.*, 80 Mo. 114.

2. GARNISHEE—LIABILITY OF ONLY UPON PROPER NOTICE.—The liability of a garnishee attaches only when notice of garnishment is served upon him as prescribed by law.

APPEAL from Moberly Court of Common Pleas, HON. G. H. BURCKHARTT, Judge.

*Reversed.*

Statement of case by the court.

This is a garnishment proceeding on execution issued by a justice of the peace. Judgment by default was rendered against the garnishee by the justice of the peace. The garnishee appealed to the Moberly court of common pleas. From a judgment in the latter court against it, the garnishee has appealed to this court.

W. A. MARTIN, for the appellant.

I. The demurrer to appellee's evidence should have been sustained. There was no evidence to show there had ever been a judgment rendered against George Medcap ; and so far as the evidence shows in this case, there was no judgment against him    Rev. Stat., sects. 2531 and 2554.

II. The common pleas court had no jurisdiction of Medcap or the subject matter of this case ; neither did

the justice of the peace, for the service of the garnishment was not such as the law required. Rev. Stat., sect. 2521 ; *Haley v. R. R. Co.*, 80 Mo. 112.

No brief on file for respondent.

## I.

HALL, J.—The garnishee complains that there was no evidence at the trial ; that final judgment was rendered against defendant, Medcap, before judgment was rendered against it. This complaint is not borne out by the record. Judgment was rendered against the defendant by the justice of the peace, and from that judgment no appeal was taken. But, besides, judgment was rendered against the defendant by the Moberly court of common pleas, before judgment against the garnishee. It thus appears from the record that final judgment was, so to speak, rendered twice against the defendant.

## II.

The garnishee complains of the insufficiency of the service of the summons of garnishment by the constable. The constable's return is as follows :

" Served the within summons · on the within named Missouri Pacific Railway Company, by delivering a true copy of the within to Wm. Barrowman, the resident station agent of said Missouri Pacific Railway Company, at the businees office of said company, the president or other chief officer of said company not found in this county, on the fifth day of November, 1883, in Sugar Creek township, Randolph county, Missouri.

"JAS. T. WALLIS, *Constable*."

The service of the summons was made under section 2521 of the Revised Statutes, "when service is made under the above section on an agent of a railroad corporation, other than the president, secretary, treasurer, cashier, or other chief or managing officer of such corporation, the agent served with the notice must not only

*be* a station or freight agent, but he must be the *nearest* station or freight agent of the corporation in the county where the cause of action is pending." *Haley v. The Hannibal and St. Joseph Railroad Company*, 80 Mo, 114. In that case the service was held insufficient, because it did not appear from the officer's return that the agent, upon whom the service was had, was either a station or freight agent, although it did so appear that said agent was the nearest agent. Following that case, we hold in this case that the service herein is insufficient, because it does not appear from the constable's return that the station agent of defendant, upon whom the service was had, was the nearest station or freight agent of the defendant in Randolph county.

The liability of a garnishee attaches only when notice of garnishment is served upon him as prescribed by law. *Haley v. R. R. Co., supra.*

The judgment is reversed. Ellison, J., concurs; Philips, P. J., absent.